NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ARTHUR ALFRED KOPP,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2011-3181

---

Petition for review of the Merit Systems Protection Board in DC831M100653-I-1.

---

Decided:  December 12, 2011

---

ARTHUR ALFRED KOPP, Pittsboro, North Carolina, pro se.

CAMERON COHICK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and HAROLD D. LESTER, JR., Assistant Director.  Of counsel on the brief was

JOANN CHABOT, Office of General Counsel, Office of Personnel Management, of Washington, DC.

———————————

Before RADER, *Chief Judge*, BRYSON, and REYNA, *Circuit Judges*.

PER CURIAM.

## DECISION

Arthur Alfred Kopp petitions for review of a final order of the Merit Systems Protection Board denying his request for a waiver of overpayment of annuity benefits under the Civil Service Retirement System. We affirm.

## BACKGROUND

Mr. Kopp served in the United States military from January 15, 1964, through November 7, 1969. On January 26, 1970, Mr. Kopp began working for the Federal Aviation Administration ("FAA") as an air traffic control specialist. On July 22, 1982, he was separated from the FAA and was granted a disability retirement annuity. On July 23, 1982, he elected to receive workers' compensation benefits from the Labor Department instead of receiving disability retirement benefits.

On May 1, 2005, Mr. Kopp was reemployed by the FAA as a Technical Assistant, where he worked until May 2, 2008, when he retired. Upon Mr. Kopp's separation from service, the Office of Personnel Management ("OPM") recalculated his annuity. In recalculating his annuity, OPM gave Mr. Kopp service credit for his period of reemployment as if he were a new hire. However, because Mr. Kopp was over 60 years old at the time of his reemployment, he should have been continued as an

annuitant during his period of reemployment. *See* 5 U.S.C. § 8337(d). As an annuitant who worked more than a year but less than five years, Mr. Kopp was entitled to a supplemental annuity but not a recomputed annuity. *See* 5 C.F.R. §§ 837.503, 837.504.[1] The effect of OPM's error was not only to give Mr. Kopp service credit for the period of his reemployment, but also to give him credit for the period between July 22, 1982, and May 1, 2005, when he was receiving workers' compensation benefits. Those errors resulted in an overpayment to Mr. Kopp of $50,865.83 over the period between May 3, 2008, and January 31, 2010.

On February 19, 2010, OPM sent a letter to Mr. Kopp explaining the error in the calculation of his annuity and the resulting overpayment. OPM sought reimbursement of the overpayment, but Mr. Kopp requested that OPM waive the requirement that he refund the overpayment. OPM rejected his request for a waiver, finding that recovery of the overpayment would not be unconscionable under the circumstances, that it would not cause financial hardship, and that Mr. Kopp had not shown that he had detrimentally relied on the overpayment.

Mr. Kopp then appealed to the Merit Systems Protection Board. The administrative judge who was assigned to the case affirmed OPM's denial of Mr. Kopp's request for a waiver, finding that a waiver was not required based either on financial hardship or detrimental reliance. As

---

[1] Although Mr. Kopp was receiving workers' compensation benefits rather than disability retirement benefits, he was still considered an OPM annuitant because if he stopped receiving workers' compensation benefits, his disability retirement annuity would be restored.

to financial hardship, the administrative judge found that based on the information provided by Mr. Kopp in his financial resources questionnaire, Mr. Kopp had enough income and liquid assets to repay the overpayment according to the schedule proposed by OPM. As to detrimental reliance, the administrative judge rejected Mr. Kopp's argument that the overpayment caused him to move from Texas to North Carolina and take on new debt.

The full Board denied Mr. Kopp's petition to review the initial decision. In addition to approving the administrative judge's findings regarding financial hardship and detrimental reliance, the full Board dismissed Mr. Kopp's argument that repayment would be unconscionable on the ground that there was a relationship between the required repayment of the overpayment and health issues Mr. Kopp claimed to have suffered.

## DISCUSSION

Mr. Kopp has not questioned the existence of the overpayment, and OPM has determined that Mr. Kopp was not at fault in causing or contributing to the overpayment. Therefore, the only issue in this case is whether the repayment should be waived because recovery of the repayment would be against "equity and good conscience." 5 U.S.C. § 8346(b). OPM has provided by regulation that recovery of an overpayment is against equity and good conscience if

> (1) It would cause financial hardship to the person from whom it is sought;

> (2) The recipient of the overpayment can show . . . that due to the notice that such payment would be made or because of the incorrect payment either

he/she has relinquished a valuable right or changed positions for the worse; or

(3) Recovery could be unconscionable under the circumstances.

5 C.F.R. § 831.1403.

Mr. Kopp argues that requiring him to make the repayment would cause him financial hardship. The Board properly considered Mr. Kopp's financial situation as described in his financial resources questionnaire. It followed the *Policy Guidelines on the Disposition of Overpayments under the Civil Service Retirement System and the Federal Employees' Retirement System* in finding that, after considering Mr. Kopp's household income and expenses, he had enough income and liquid assets to refund the overpayment according to OPM's proposed schedule without suffering financial hardship. That finding, based on OPM's analysis of Mr. Kopp's financial information, is supported by substantial evidence.

Mr. Kopp next argues that the Board erred by not considering the timeline of the overpayment. He argues that during the 20 months in which he was receiving the overpayment he made financial plans that were not reversible and thus detrimentally relied on the overpayment. The Board, however, considered that argument and found that Mr. Kopp did not sustain his burden of showing a causal link between the overpayment and his decision to move from Texas to North Carolina and incur more debt. The Board was also unpersuaded by Mr. Kopp's claim that the overpayment led him to make irreversible financial commitments; in that regard, the Board noted that to the extent Mr. Kopp used the overpayment to fund the purchase of a house in North Caro-

lina, he retained ownership of the house, an asset that could be used to facilitate the repayment. In light of Mr. Kopp's failure to provide evidentiary support for his claim of detrimental reliance, we conclude that the Board's findings on that issue were supported by substantial evidence.

Mr. Kopp notes that the FAA's mistake in offering him a job when he was over 60 years old and classifying him as a new hire, rather than as a returning annuitant, contributed to the overpayment. While it is true that Mr. Kopp was not at fault for the overpayment, simply being without fault does not entitle Mr. Kopp to retain the overpayment. The applicable statute and regulations make clear that, in addition to showing that he is without fault, an individual seeking a waiver of the repayment obligation must show that recovery "would be against equity and good conscience." 5 U.S.C. § 8346(b); 5 C.F.R. § 831.1401-1404. Moreover, even assuming that Mr. Kopp relied on the representations regarding his classification as an inducement to accept reemployment in 2005, any such reliance does not serve to entitle him to benefits that were not authorized by statute. *See Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 416 (1990).

Finally, Mr. Kopp argues that rejecting his request for a waiver of overpayment would be unconscionable in light of a variety of health issues he suffered prior to his separation from service in 2008. Mr. Kopp did not provide the Board with medical records documenting those conditions, and he has not explained how those conditions relate to his request for a waiver of the repayment requirement. The Board therefore properly rejected that contention.

In sum, the Board's order upholding OPM's denial of Mr. Kopp's request for a waiver of the repayment re-

quirement was supported by substantial evidence and was not contrary to law.

No costs.

**AFFIRMED**